

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 2 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**LAKIN PITTS, Individually and on Behalf of**
**All Others Similarly Situated**                                    **PLAINTIFF**

vs.                          No. 4:18-cv- *124- JLH*

**LINDSEY & COMPANY, INC., a/k/a**
**1) ACCENTS & GIFTS, INC.;**              This case assigned to District Judge *Holmes*
**2) HOUSINGMANAGER.COM;**                and to Magistrate Judge *Kearney*
**3) INTERIORS & GIFTS, INC.; and**
**4) LINDSEY SOFTWARE SYSTEMS, INC.**                              **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Lakin Pitts ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Allison Koile, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Lindsey & Company, Inc., a/k/a 1) Accents & Gifts, Inc.; 2) Housingmanager.com; 3) Interiors and Gifts, Inc.; and 4) Lindsey Software Systems, Inc. ("Defendant"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff Lakin Pitts, individually and on behalf of other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201,

*et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees a lawful minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week.

3.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.    Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.    The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.    Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.     THE PARTIES

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff Lakin Pitts is a citizen and resident of Pulaski County.

13.     Plaintiff worked for Defendant as an hourly-paid software trainer within the three (3) years preceding the filing of this Complaint.

14.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15.     Defendant is a for-profit, domestic business corporation, providing fee accounting and software services to housing managers throughout the United States, including Arkansas, Missouri, Kansas, Kentucky, Tennessee and Mississippi.

16.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18.    Defendant's principal address is 500 President Clinton Avenue, Suite 401, Little Rock, Arkansas 72201.

19.    Defendant's registered agent for service of process is John Lindsey, 500 President Clinton Avenue, Suite 401, Little Rock, Arkansas 72201.

20.    Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed collective, and is and has been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

21.    Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

## IV.    FACTUAL ALLEGATIONS

22.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

23.    During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a software trainer at Defendant's Little Rock location.

24.    Defendant directly hired Plaintiff and other software trainers, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.    Plaintiff and other software trainers provided assistance to Defendant's clients in implementing, trouble-shooting and utilizing Defendant's housing software services.

26.     Plaintiff and other software trainers were often required to perform on-site training and trouble-shooting for Defendant's clients, and would be required to travel throughout Arkansas and across the United States to various clients' locations.

27.     Plaintiff and other software trainers were classified as hourly employees and were paid an hourly rate.

28.     Plaintiff and other software trainers were paid a 5% commission on all referrals that they closed for Defendant.

29.     Defendant did not include Plaintiff and other software trainers' commissions in their regular rates of pay when calculating their overtime premium.

30.     Plaintiff and other software trainers regularly worked in excess of forty (40) hours per week.

31.     Plaintiff and all other software trainers for Defendants recorded their hours according to a system Defendants applied to all software trainers.

32.     It was Defendant's commonly applied policy to not pay Plaintiff and other software trainers for all of the hours during which they were traveling to and from Defendant's clients' locations.

33.     As a result, Defendant did not pay Plaintiff or other software trainers a lawful minimum wage for all hours worked up to forty (40) in one week or one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

34.     Plaintiff and other software trainers were and are entitled to a lawful minimum wage for all hours worked under forty (40) per week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

35.     Defendant paid Plaintiff and other software trainers overtime compensation for some hours worked in excess of forty (40) hours per week, but refused to pay Plaintiff and other software trainers for all hours worked, even though Defendant was aware of those additional hours worked.

36.     Defendant knew, or showed reckless disregard for whether the way it paid Plaintiff and other software trainers violated the FLSA and AMWA.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

### FLSA § 216(b) Collective

37.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

38.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39.     Plaintiff brings her FLSA claims on behalf of all hourly software trainers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful minimum wage for all hours worked for Defendant and overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.     Liquidated damages and attorneys' fees and costs.

40.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

41.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly;

C.     They recorded their time in the same manner; and

D.     They were subject to Defendant's common policy of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

43.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds twenty (20) to thirty (30) persons.

44.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

45.     Defendant can readily identify the members of the Section 16(b) Collective.  The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone

numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF

## (Individual Claim for Violation of FLSA)

46.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

47.    29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

48.    Defendant failed to pay Plaintiff a lawful minimum wage and one and one-half (1.5) times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

49.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

50.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

51.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

52.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

53.    Plaintiff asserts this claim on behalf of all software trainers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid minimum wages for all hours worked up to forty (40) each week and unpaid overtime compensation for all the hours she and they worked in excess of forty (40) each week.

54.    Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

55.    29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

56.    Defendant failed to pay Plaintiff and those similarly situated a lawful minimum wage and one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

57.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid software trainers employed
by Defendant within the past three years.**

58.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

59.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

60.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

61.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

62.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

63.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

64.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

65.    Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

66.    Despite the entitlement of Plaintiff to payment of a lawful minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful minimum wage and failed to pay Plaintiff a lawful overtime premium.

67.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

68.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

69.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    EQUITABLE TOLLING

70.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

71.    The applicable statute of limitations for Plaintiff's FLSA and AMWA causes of action should be tolled because strict application of the statute of limitations would be inequitable.

72.    Defendant, as an employer with a duty to comply with the FLSA and AMWA and the means to do so, was and has at all relevant times been in a far superior position than Plaintiff to understand the FLSA and AMWA and apply it appropriately, and

Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

73.    Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

74.    An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

75.    Defendant failed to post all appropriate notices regarding the FLSA and AMWA.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lakin Pitts, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(a)    That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

(b)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(c)     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f)     Judgment for damages for all unpaid regular and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(g)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular and overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

(i)     An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(j)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**LAKIN PITTS, Individually and on
Behalf of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Allison Koile
Ark Bar No. 2011154
allison@sanfordlawfirm.com

_____
Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LAKIN PITTS, Individually and on Behalf of**          **PLAINTIFF**
**All Others Similarly Situated**


vs.                              No. 4:18-cv-_____


**LINDSEY & COMPANY, INC., a/k/a**
**1) ACCENTS & GIFTS, INC.,**
**2) HOUSINGMANAGER.COM,**
**3) INTERIORS & GIFTS, INC., and**
**4) LINDSEY SOFTWARE SYSTEMS, INC.**                 **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid software trainer for Defendant Lindsey & Company, Inc. ("Defendant"), on or after February 12, 2015. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
**LAKIN PITTS**


Date: February 12, 2018


*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**


EXHIBIT

A

PENGAD 800-631-6989