# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LAKIN PITTS, individually and                                                                PLAINTIFF
on behalf of all others similarly situated

v.                                              No. 4:18CV00124 JLH

LINDSEY & COMPANY, INC., a/k/a
Accents & Gifts, Inc.; Housingmanager.com;
Interiors & Gifts, Inc.; and
Lindsey Software Systems, Inc.                                                                DEFENDANT

## OPINION AND ORDER

Lakin Pitts was employed by Lindsey & Company, Inc., which is a software fee accounting firm serving the property management industry. Pitts has a disability known as attention deficit disorder. She worked in Little Rock in an office arrangement in which she and other persons who often were on the telephone with customers were in a large working area with cubicles. Her cubicle was in the center of the room. She found the noise and activity in that area to be unduly distracting due to her ADD, so she sought an accommodation whereby she could have a quieter and more private place to work. According to her, she first sought an accommodation in June or July of 2017. In October, she was moved to a cubicle nearer the corner of the large working area, not to a private office. She was fired within a day or two of moving to the cubicle nearer the corner area.

Lindsey contends that it offered Pitts a reasonable accommodation for her ADD by permitting her to use a conference room that was available to employees who could reserve it for specified periods of time and by providing her with a set of headphones. Lindsey also contends that it fired Pitts for reasons unrelated to the ADD — on October 13, 2017, she left a meeting with the owner of the company before the meeting was completed, which was an act of insubordination, and on October 19, 2017, she terminated a training session with a customer before it was completed after all of the employees had been ordered not to terminate such sessions before completion. When she

terminated the session with a customer, she told the customer that she was doing so because she had another training session that was scheduled to begin, which was not true. She had other work she needed to do — preparing training videos that were overdue and had been the subject of the meeting with the company owner — but she did not have another training session. The next day her supervisor asked why she terminated the training session on the afternoon before, and she said she could not remember. Her supervisor then terminated her employment.

Pitts alleges three claims: (1) that Lindsey failed to provide a reasonable accommodation for her disability; (2) that Lindsey discriminated against her because of her disability; and (3) that Lindsey retaliated against her for requesting an accommodation.

Pitts's discrimination and retaliation claims are judged under the *McDonnell-Douglas* burden-shifting format. *Oemhmke v. Medtronic, Inc.*, 844 F.3d 748, 755, 758 (8th Cir. 2016). On a discrimination claim, the plaintiff has the initial burden of showing that she was disabled within the meaning of the ADA, that she was qualified to perform the essential functions of the job, and a causal connection between an adverse employment action and the disability. *Id*. at 755. For a retaliation claim, the plaintiff must show that she was engaged in a statutorily protected activity, that she suffered an adverse employment action, and a causal connection between the two. *Id*. at 758. If the plaintiff meets her burden of establishing a prima facie case, the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action. *Id*. at 755. If the defendant provides such a reason for the adverse employment action, the burden shifts back to the plaintiff to show that the proffered reason is a pretext for discrimination or retaliation. *Id*.

The *McDonnell-Douglas* burden-shifting format does not apply to a claim for a failure to accommodate because a claim for failure to accommodate does not turn on the employer's intent or

2

motive. *Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004). In a reasonable accommodation case, the failure to provide the accommodation is the act of discrimination, whether or not the employer was motivated by discriminatory intent. *Id*. at 767. An employer who fails to make a reasonable accommodation for an individual with a disability is liable if the individual could have been accommodated without undue hardship on the operation of the business. 42 U.S.C. § 12112(b)(5)(A). Thus, for a failure to accommodate claim, the burden shifting is modified: if the employee cannot perform the essential functions of the job without an accommodation, the employee must make a facial showing that a reasonable accommodation is possible, and then the burden of production shifts to the employer to show that it is unable to accommodate the employee without undue hardship. *Fenney v. Dakota, Minn. & East. Rr. Co.*, 327 F.3d 707, 711-12 (8th Cir. 2003). The Eighth Circuit has explained that to prevail on a failure to accommodate claim under the ADA, the plaintiff must establish both a prima facie case of discrimination based on a disability and a failure to accommodate it. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 923 (8th Cir. 2018). "In order for [Pitts] to establish a prima facie case of discrimination based on disability, [she] must show (1) a qualifying disability; (2) qualifications to perform the essential functions of her position with or without reasonable accommodation; and (3) an adverse employment action due to her disability." *Kelleher v. Wal-Mart Stores, Inc.*, 817 F.3d 624, 631 (8th Cir. 2016).

The only element of a prima facie case of discrimination at issue on summary judgment is whether Pitts suffered an adverse employment decision because of her disability. Lindsey argues that she did not suffer an adverse employment action due to her disability because her termination was based on her insubordination, violating a direct order, and dishonesty, not her disability. On Lindsey's argument, the only adverse employment action was the termination.

3

In some instances, however, a failure to accommodate can itself be an adverse employment action. *Orr v. City of Rogers*, 232 F. Supp. 3d 1052, 1074 (W.D. Ark. 2017) (citing *Dick v. Dickinson St. Univ.*, 826 F.3d 1054, 1060 (8th Cir. 2016) and *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1077 n.5 (8th Cir. 2006)). The Eighth Circuit has said: "Failure to accommodate and disparate treatment are two separate theories of liability under the ADA." *Voeltz v. Arctic Cat, Inc.*, 406 F.3d 1047, 1051 (8th Cir. 2005). In *Voeltz*, a jury found that the employer had failed to provide a reasonable accommodation to the employee but also that the adverse employment action — not recalling the employee from a seasonal layoff — would have been the same even without the disability. The district court awarded front pay damages as an equitable remedy for the failure to accommodate, but the Eighth Circuit set aside that award, holding that only nominal damages were available. *Id.* at 1052. *Voeltz* shows that an employee who has been terminated can establish a failure to accommodate claim even if the termination was not due to the disability, though the only remedy may be nominal damages.

Lindsey cites *Cannice v. Norwest Bank Iowa, N.A.*, 189 F.3d 723, 728 (8th Cir. 1999), for the proposition that Pitts must show, as an element of her case, that the accommodation would have allowed her to keep her job. The *Cannice* opinion does say that the plaintiff needed to show, as an element of his case, that an accommodation would have allowed him to keep his job, but then it explains that a plaintiff carries the burden of showing that a particular accommodation rejected by the employer would have made the plaintiff qualified to perform the essential functions of the job. *Id*. Here, Lindsey does not contend that Pitts was not qualified to perform the essential functions of her job with a reasonable accommodation. Thus, *Cannice* is not on point.

After careful review of the record, the Court has concluded that a genuine dispute of material fact exists as to whether Lindsey provided a reasonable accommodation for Pitts's ADD. First, the

4

Court cannot say as a matter of law that access to the conference room on an as-needed basis is a reasonable accommodation. Other employees could reserve the conference room, in which case it might be unavailable to Pitts when she needed it. Nor can the Court judge the adequacy of the headphones, which Pitts says did not block the noise. Second, the delay in moving Pitts from her cubicle in the middle of the room to a quieter cubicle near the corner, on Pitts's account of the facts, could be deemed to be unreasonable. Lindsey offers no explanation as to why Pitts was not moved when she first requested an accommodation. Third, Pitts has pointed out that a person in management based out of the Searcy office also had a private office in the Little Rock location, but was in her Little Rock office only two or three days a week, which meant that it could have been available for Pitts to use two or three days a week. Lindsey has offered no explanation as to why it would have been an undue hardship to allow Pitts to use that office two or three days each week. Finally, Pitts has testified that she could have been moved to the Searcy office, where her supervisor worked, and she could have had a quiet location there. In fact, when she first requested an accommodation, she was allowed to work in Searcy for a few days. Lindsey has offered no explanation as to why it would have been an undue hardship to move Pitts permanently to the Searcy office where she would have had a quiet space to work and would have been in closer proximity to her supervisor. *Cf. Equal Employment Opportunity Comm'n v. Convergys Customer Mgmt. Group, Inc.*, 491 F.3d 790, 796 (8th Cir. 2007) ("Whether an accommodation is reasonable is a question of fact to be decided by a jury.").

None of this decides Pitts's claims for discrimination and retaliation. On the face of it, Pitts has an uphill battle in trying to show that the real reason for her termination was discriminatory or retaliatory intent as opposed to the apparent fact that she was insubordinate, violated a direct order, lied to a customer, and seems to have lied to her supervisor. Nevertheless, since there will need to

5

be a bench trial on the failure to accommodate claim, the Court will not decide those issues on summary judgment. When a motion for summary judgment raises issues that will be tried at a bench trial regardless of the disposition of the motion, prudence suggests that the motion should be denied and a ruling on the issues raised in the motion addressed after the record has been fully developed at trial. *See Roberts v. Browning*, 610 F.2d 528, 536 (8th Cir. 1979) ("However, even if a district judge feels that summary judgment in a given case is technically proper, sound judicial policy and the proper exercise of judicial discretion may prompt him to Deny the motion and permit the case to be developed fully at trial. The ultimate legal rights of the movant can always be protected in the course of or even after trial."); *Andrew v. Clark*, 561 F.3d 261, 271 (4th Cir. 2009); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2728, pp. 525-26 (1998) (collecting cases). This discretion is warranted here. *See Taylor v. Rederi A/S Volo*, 374 F.2d 545, 549 (3d Cir. 1967) ("It is further settled that the trial court may exercise its discretion in denying summary judgment where a part of an action may be ripe for summary judgment but it is intertwined with another claim that must be tried.").

For the reasons stated, the defendant's motion for summary judgment is DENIED. Document #24.

IT IS SO ORDERED this 8th day of March, 2019.

                                                                 _____
                                                                  J. LEON HOLMES
                                                                  UNITED STATES DISTRICT JUDGE